**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Kenbourne Invest S.A., | ) | Case No. 24-_____ (___) |
| Debtor. | ) | |
| Tax I.D. No. 2018 2206 815 | ) | |
| In re: | ) | Chapter 11 |
| NC Telecom II AS, | ) | Case No. 24-_____ (___) |
| Debtor. | ) | |
| Tax I.D. No. 59.208.720-0 | ) | |
| In re: | ) | Chapter 11 |
| WOM Mobile S.A., | ) | Case No. 24-_____ (___) |
| Debtor. | ) | |
| Tax I.D. No. 99.517.000-0 | ) | |
| In re: | ) | Chapter 11 |
| WOM S.A., | ) | Case No. 24-_____ (___) |
| Debtor. | ) | |
| Tax I.D. No. 78.921.690-8 | ) | |
| In re: | ) | Chapter 11 |
| CONECT S.A., | ) | Case No. 24-_____ (___) |
| Debtor. | ) | |
| Tax I.D. No. 96.965.220-k | ) | |
| In re: | ) | Chapter 11 |
| MULTIKOM S.A., | ) | Case No. 24-_____ (___) |
| Debtor. | ) | |
| Tax I.D. No. 78.456.640-4 | ) | |

RLF1 30732354v.1

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**" or the "**Company**") state as follows in support of this motion (this "**Motion**"):

**Relief Requested**

1. The Debtors seek entry of an order (the "**Proposed Order**"), substantially in the form attached hereto as **Exhibit A**, directing the joint administration of the above-captioned chapter 11 cases (these "**Chapter 11 Cases**") for procedural and administrative purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of the Debtors' Chapter 11 Cases under the case of WOM S.A., and that these Chapter 11 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WOM S.A., *et al.* | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

2. The Debtors propose to include the following footnote in each pleading filed and notice mailed by the Debtors:

> The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), and each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are as follows: Kenbourne Invest S.A. (2018 2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

2

3. The Debtors further request that the Clerk of this Court make an entry on the docket of each of the Chapter 11 Cases, with the exception of WOM S.A., to reflect the joint administration of these Chapter 11 Cases substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration and procedural consolidation of the chapter 11 cases of WOM S.A. and its affiliated debtors. The docket in Case No. 24-_____ (___) should be consulted for all matters affecting these cases.

4. The Debtors further request that the Court order that the foregoing caption and footnote satisfy the requirements of section 342(c)(1) of the Bankruptcy Code (as defined below).

5. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Robert Wagstaff in Support of Debtors' Chapter 11 Petitions and Requests for First Day Relief* (the "**First Day Declaration**"),[1] filed contemporaneously herewith.

6. For the reasons set forth herein, the Debtors submit that the relief requested is in the best interest of the Debtors, their estates, creditors, and other parties in interest, and therefore, should be granted.

## Jurisdiction, Venue, and Predicates for Relief

7. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these Chapter 11 Cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

8.     The predicates for the relief requested by this Motion are section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1015-1, 2002-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**").

9.     Pursuant to Local Bankruptcy Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that this Court lacks Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Background

10.    On April 1, 2024 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No creditors' committee has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") nor has a trustee or examiner been appointed in these Chapter 11 Cases.

11.    The Company is one of the fastest growing and market-leading telecommunications providers in Latin America and has been the second-largest mobile network operator in Chile since 2019. The Company reaches over 8.5 million customers and provides prepaid and post-paid mobile voice, data, and broadband services, along with a rapidly expanding "Fiber to the Home" broadband offering to consumers and businesses in Chile. The Company's 5G wireless broadband services deliver internet access to approximately one million customers, with a coverage area that spans over 18 million people. The Company employs, directly or indirectly, approximately 7,000 people in Chile.

12. Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the commencement of these Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**Basis for Relief**

13. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and its affiliates. Fed. R. Bankr. P. 1015(b).

14. Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of the Chapter 11 Cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1.

15. The Debtors submit that joint administration of these Chapter 11 Cases is proper under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1. The Debtors are "affiliates," as that term is defined under section 101(2) of the Bankruptcy Code.[2] Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein by virtue of the Debtors' affiliation.

---

[2] The Bankruptcy Code defines "affiliate" to include an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor" or a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor." 11 U.S.C. § 101(2)(A), (B).

16. Courts in this district have granted similar relief to the relief requested in this Motion in other recent complex chapter 11 cases. *See, e.g.*, *In re Sientra, Inc.,* Case No. 24-10245 (JTD) (Bankr. D. Del. Feb 14, 2024) [Docket No. 46] (granting consolidation and joint administration of chapter 11 cases for procedural purposes); *In re Burgess Biopower, LLC,* Case No. 24-10235 (LSS) (Bankr. D. Del. Feb 13, 2024) [Docket No. 92] (same); *In re NanoString Technologies, Inc.,* Case No. 24-10160 (CTG) (Bankr. D. Del. Feb 06, 2024) [Docket No. 63] (same); *In re Invivo Therapeutics Corp.,* Case No. 24-10137 (MFW) (Bankr. D. Del. Feb 06, 2024) [Docket No. 28] (same); *In re Cano Health, Inc.,* Case No. 24-10164 (KBO) (Bankr. D. Del. Feb 05, 2024) [Docket No. 34] (same).

17. Joint administration of the Debtors' Chapter 11 Cases is warranted because it will ease the administrative burden on the Court and all parties in interest. The Debtors anticipate that notices, applications, motions, other pleadings, hearings, and orders in these Chapter 11 Cases may affect all of the Debtors. If each Debtor's case were administered independently, there would be a number of duplicative pleadings and overlapping services. This unnecessary duplication of identical documents would be wasteful of the resources of the Debtors' estates as well as the resources of this Court and of other parties in interest.

18. Joint administration will permit the Clerk of the Court to use a single general docket for all of the Debtors' Chapter 11 Cases and to combine notices to creditors and other parties in interest, allowing all parties in interest to monitor the various matters before the Court regarding all of the Debtors' Chapter 11 Cases with greater ease and efficiency. The Court also will be relieved of the burden of scheduling duplicative hearings, entering duplicative orders, and maintaining redundant files. Moreover, supervision of the administrative aspects of the Debtors' Chapter 11 Cases by the U.S. Trustee will be simplified. Therefore, joint administration will

promote the economical and efficient administration of the Debtors' estates to the benefit of the Debtors, their creditors, the U.S. Trustee, and the Court.

19. Joint administration will not give rise to any conflict of interest among the Debtors' estates. The rights of the Debtors' respective creditors will not be adversely affected by the proposed joint administration because the Motion only seeks the administrative, not substantive, consolidation of the Debtors' estates. The Debtors will continue as separate and distinct legal entities, will continue to maintain separate books and records, and will provide information as required in the consolidated monthly operating reports on a debtor-by-debtor basis. If applicable, each creditor may file a proof of claim against the applicable estate in which it allegedly has a claim or interest and will retain whatever claims or interests it has against the particular estate. Finally, the recoveries of all creditors will be enhanced by the reduction in costs resulting from joint administration of the Debtors' Chapter 11 Cases.

20. No administrative or scheduling orders previously entered in these Chapter 11 Cases will require modification if this Motion is granted. Mailing lists in each of these Chapter 11 Cases will be consolidated for future noticing requirements. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interest of all parties, and should be granted.

**Notice**

21. The Debtors will provide notice of this Motion to the following parties, or in lieu thereof, their counsel: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Latham & Watkins LLP as counsel to the DIP Agent; (d) Dechert LLP as counsel to the Ad Hoc Group of WOM Bondholders; (e) U.S. Bank National Association, as the indenture trustee in respect of the Senior Notes; (f) the Office of the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) any such

other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(m); (i) Banco de Crédito e Inversiones; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In view of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

22.  No prior request for the relief sought in this Motion has been made to this or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

[*Remainder of page intentionally left blank.*]

Dated: April 1, 2024

Respectfully submitted,

*/s/ John H. Knight*

**RICHARDS, LAYTON & FINGER, P.A.**
John H. Knight (No. 3848)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
knight@rlf.com
steele@rlf.com
schlauch@rlf.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

**WHITE & CASE LLP**
John K. Cunningham (*pro hac vice* pending)
Richard S. Kebrdle (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: jcunningham@whitecase.com
       rkebrdle@whitecase.com

Philip M. Abelson (*pro hac vice* pending)
Andrew Zatz (*pro hac vice* pending)
Samuel P. Hershey (*pro hac vice* pending)
Andrea Amulic (*pro hac vice* pending)
Lilian Marques (*pro hac vice* pending)
Claire Tuffey (*pro hac vice* pending)
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Email: philip.abelson@whitecase.com
       azatz@whitecase.com
       sam.hershey@whitecase.com
       andrea.amulic@whitecase.com
       lilian.marques@whitecase.com
       claire.tuffey@whitecase.com

*Proposed Co-Counsel to Debtors and Debtors-in-Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kenbourne Invest S.A., | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtor. | ) | **Re: Docket No.** ___ |
| Tax I.D. No. 2018 2206 815 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NC Telecom II AS, | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtor. | ) | **Re: Docket No.** ___ |
| Tax I.D. No. 59.208.720-0 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WOM Mobile S.A., | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtor. | ) | **Re: Docket No.** ___ |
| Tax I.D. No. 99.517.000-0 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WOM S.A., | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtor. | ) | **Re: Docket No.** ___ |
| Tax I.D. No. 78.921.690-8 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CONECT S.A., | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtor. | ) | **Re: Docket No.** ___ |
| Tax I.D. No. 96.965.220-k | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MULTIKOM S.A., | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtor. | ) | **Re: Docket No.** ___ |
| Tax I.D. No. 78.456.640-4 | ) | |

### ORDER DIRECTING JOINT ADMINISTRATION OF
### THE DEBTORS' CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1015-1, 2002-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), directing the joint administration of the above-captioned chapter 11 cases (these "**Chapter 11 Cases**") for procedural and administrative purposes only, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that: (a) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code; and (b) joint administration of the Debtors' Chapter 11 Cases for procedural purposes is appropriate pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled with prejudice.

2. The above-captioned Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to WOM S.A., Case No. 24-_____, and the consolidated caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT  
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WOM S.A., *et al.*[1] | ) | Case No. 24-_____ (___) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

3. The caption shall include the following footnote in each pleading filed and notice mailed by the Debtors:

> The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), and each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are as follows: Kenbourne Invest S.A. (2018

3

2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

4. The foregoing caption and footnote satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in each of the Chapter 11 Cases, except that of WOM S.A., substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration and procedural consolidation of the chapter 11 cases of WOM S.A. and its affiliated debtors. The docket in the case of WOM S.A., Case No. 24-_____ (___) should be consulted for all matters affecting these cases.

6. The procedural consolidation shall be for administrative purposes only and nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

7. The Debtors are authorized and empowered to take all actions necessary to implement and effectuate the relief granted in this Order.

8. This Order shall take effect immediately upon entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.