**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kenbourne Invest S.A., | ) | Case No. 24-10625 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| Tax I.D. No. 2018 2206 815 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NC Telecom II AS, | ) | Case No. 24-10626 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| Tax I.D. No. 59.208.720-0 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WOM Mobile S.A., | ) | Case No. 24-10627 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| Tax I.D. No. 99.517.000-0 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WOM S.A., | ) | Case No. 24-10628 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| Tax I.D. No. 78.921.690-8 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CONECT S.A., | ) | Case No. 24-10629 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| Tax I.D. No. 96.965.220-k | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MULTIKOM S.A., | ) | Case No. 24-10630 (KBO) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 2** |
| Tax I.D. No. 78.456.640-4 | ) | |

### ORDER DIRECTING JOINT ADMINISTRATION OF
### THE DEBTORS' CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY

Upon the motion (the "**Motion**")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**"), pursuant to section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(b) and 2002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 1015-1, 2002-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Bankruptcy Rules**"), directing the joint administration of the above-captioned chapter 11 cases (these "**Chapter 11 Cases**") for procedural and administrative purposes only, as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Bankruptcy Rules, and it appearing that no other or further notice need be provided; and a hearing, if any, having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon consideration of the First Day Declaration and the record of the Hearing and all of the proceedings had before the Court; and this Court having found and determined that the relief sought in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion is in the best interests of the Debtors, their estates, their creditors, their stakeholders, and all other parties in interest, and that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having found that: (a) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code; and (b) joint administration of the Debtors' Chapter 11 Cases for procedural purposes is appropriate pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein. Any objections or reservations of rights filed in respect of the Motion are overruled with prejudice.

2. The above-captioned Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered by the Court under the case number assigned to WOM S.A., Case No. 24-10628 (KBO), and the consolidated caption of the jointly administered cases should read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WOM S.A., *et al.*[1] | ) | Case No. 24-10628 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

3. The caption shall include the following footnote in each pleading filed and notice mailed by the Debtors:

> The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), and each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are as follows: Kenbourne Invest S.A. (2018

3

2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

4. The foregoing caption and footnote satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5. A docket entry shall be made in each of the Chapter 11 Cases, except that of WOM S.A., substantially as follows:

> The Bankruptcy Court has entered an order in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration and procedural consolidation of the chapter 11 cases of WOM S.A. and its affiliated debtors. The docket in the case of WOM S.A., Case No. 24-10628 (KBO) should be consulted for all matters affecting these cases.

6. The procedural consolidation shall be for administrative purposes only and nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

7. The Debtors are authorized and empowered to take all actions necessary to implement and effectuate the relief granted in this Order.

8. This Order shall take effect immediately upon entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: April 2nd, 2024
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

4