## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| WOM S.A., *et al.*,[1] | Case No. 24-10628 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket Nos. 948, 1027, 1028, 1040 & 1041 |

## ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION PROCEDURES AND FORM OF BALLOTS FOR THE PLAN, (III) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF, (IV) SCHEDULING CONFIRMATION HEARING AND ESTABLISHING RELATED DEADLINES AND PROCEDURES, (V) APPROVING ASSUMPTION AND CURE PROCEDURES, AND (VI) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order (this "**Order**"), pursuant to sections 105, 341, 365, 502, 1125, 1126, and 1128 of title 11 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, 3020, 6006, and 9006, and Local Rules 2002-1, 3017-1, and 9006-1, (i) approving the proposed disclosure statement [Docket No. 1041] (as may be amended from time to time, the "**Disclosure Statement**") relating to the joint chapter 11 plan of reorganization of the Debtors [Docket No. 1040] (as may be amended from time to time, the "**Plan**"), (ii) approving the Solicitation Procedures and form of Ballots for the Plan, (iii) approving the Solicitation Packages and prescribing the form and manner of notice and distribution thereof, (iv) scheduling the

---

[1]  The Debtors in these chapter 11 cases (these "**Chapter 11 Cases**"), and each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are as follows: Kenbourne Invest S.A. (2018 2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion, the Disclosure Statement, or the Plan, as applicable.

Confirmation Hearing and establishing related deadlines and procedures, (v) approving the Assumption and Cure Procedures, and (vi) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409*; and* due and proper notice of the Disclosure Statement Notice and the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion, if  necessary (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS FOUND AND DETERMINED THAT:**

A.    <u>Notice of the Disclosure Statement Hearing and Objection Deadline Related Thereto</u>.  Notice of the time, date, and place of the Disclosure Statement Hearing and the deadline and procedures for filing objections to the Disclosure Statement, provide due, proper, and adequate

2

notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017 and Local

Rules 2002-1, 3017-1, and 9006-1.  No further notice is required.

B.      <u>The Disclosure Statement</u>.    The Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code.  No further information

is necessary.

C.      <u>Solicitation Procedures</u>.    The Solicitation Procedures for the solicitation and

tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and

are consistent with section 1126 of the Bankruptcy Code.

D.      <u>Ballots</u>.  The ballots, substantially in the forms attached hereto as **<u>Exhibit 3A</u>**, **<u>3B</u>**,

and **<u>3C</u>** (collectively, the "**Ballots**"), including all voting instructions provided therein, are

consistent with Official Bankruptcy Form No. B 314, address the particular needs of these Chapter

11 Cases, and provide adequate information and instructions for each individual entitled to vote to

accept or reject the Plan.  No further information or instructions are necessary.

E.      <u>Parties Entitled to Vote</u>.  Pursuant to the Plan, Holders of Claims in Class 3

(Unsecured Notes Claims) and Class 4 (General Unsecured Claims) are Impaired under the Plan.

Accordingly, Holders of Allowed Claims in such classes are entitled to vote on account of such

Claims.

F.      <u>Parties Not Entitled to Vote</u>.  Pursuant to the Plan, Holders of Claims in Class 1

(Other Secured Claims) and Class 2 (Other Priority Claims) are Unimpaired and, accordingly,

pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan

and are not entitled to vote on account of such Claims.  Holders of Claims in Class 5 (Intercompany

Claims), Interests in Class 6 (Existing Equity Interests), and Interests and Class 7 (Intercompany

Interests) are either Unimpaired and conclusively presumed to accept the Plan or are Impaired and deemed to reject the Plan and are not entitled to vote on account of such claims.

G.      <u>Notices of Non-Voting Status</u>.  The Notices of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 4** and **Exhibit 5**, comply with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and, together with the Confirmation Hearing Notice, provide adequate notice of the Plan (including the injunction, release and exculpation provisions provided for therein), the Confirmation Objection Deadline, and the Confirmation Hearing to Holders of Claims and Existing Equity Interests in the Non-Voting Classes of their non-voting status.  No further notice is necessary.

H.      <u>Solicitation</u>.  The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Confirmation Objection Deadline, Confirmation Hearing, and other related matters.

I.      The period proposed by the Debtors in the Motion during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

J.      <u>Notice of Confirmation Hearing and Confirmation Objection Deadline</u>.  Notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and procedures for filing objections or responses to the Plan, including the Publication Notice, provide due, proper, and adequate notice of the Plan, including the injunction, release and exculpation provisions provided for therein, the Confirmation Objection

4

Deadline and the Confirmation Hearing, comport with due process and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1. No further notice is required.

K.    <u>Notice</u>. All other notices to be provided pursuant to the procedures set forth in this Order, including, without limitation, the Cure and Assumption Notice, are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing. No further notice is required.

L.    <u>Relief is Warranted</u>. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT**:

1.    The Motion is granted as set forth herein.

2.    The Disclosure Statement is approved as containing adequate information in accordance with section 1125 of the Bankruptcy Code.

3.    All objections, if any, to the Disclosure Statement or the Motion that have not been withdrawn or resolved prior to or at the Hearing are overruled.

4.    The form and manner of the notice of the hearing on the Disclosure Statement complied with all applicable Bankruptcy Rules and Local Rules.

5.    The Disclosure Statement (including all applicable exhibits thereto), along with the Confirmation Hearing Notice and the Notices of Non-Voting Status, provide sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in accordance with Bankruptcy Rule 3016(c).

RLF1 32270056V.1

6.    The following dates and deadlines are approved:

| Confirmation Event | Date/Deadline |
|---|---|
| Voting Record Date | **January 22, 2025** |
| Solicitation Date | **The date that is five business days following entry of this Order (expected to be January 30, 2025), or as soon as reasonably practicable thereafter** |
| Deadline to file Schedule of Assumed Contracts and Leases and Cure and Assumption Notice | **January 30, 2025** |
| Publication Notice Date | **The date that is ten business days following entry of this Order (expected to be on or before February 6, 2025), or as soon as reasonably practicable thereafter** |
| Deadline to file and serve Claim Objections, Requests to Estimate Claims, or Notices of Satisfaction for Voting Purposes (*i.e.*, the Voting Claim Objection Deadline) | **February 4, 2025** |
| Rule 3018 Motion Deadline | **February 14, 2025 at 4:00 p.m. (prevailing Eastern Time)** |
| Plan Supplement Filing | **February 20, 2025** |
| Rule 3018 Objection Deadlines | **February 27, 2025 at 4:00 p.m. (prevailing Eastern Time)** |
| Confirmation Objection Deadline | **February 27, 2025 at 4:00 p.m. (prevailing Eastern Time)** |
| Voting Deadline | **February 27, 2025 at 5:00 p.m. (prevailing Eastern Time)** |
| Deadline to File (i) Replies to any Confirmation Objection(s) and, if applicable, Assumption Dispute(s), (ii) Brief in Support of Plan Confirmation, (iii) Declarations in Support of Confirmation, (iv) Voting Report, and (v) Proposed Form of Order Confirming the Plan | **March 4, 2025 at 12:00 p.m. (prevailing Eastern Time)** |
| Confirmation Hearing | **March 6, 2025 at 9:30 a.m. (prevailing Eastern Time)** |

RLF1 32270056V.1

7.      The Confirmation Hearing will be held on **March 6, 2025 at 9:30 a.m. (prevailing Eastern Time)**.  The Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

8.      Objections to confirmation of the Plan, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Rules, (iii) state with particularity the legal and factual bases for the objection, and (iv) be filed with the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801 by no later than **February 27, 2025 at 4:00 p.m. (prevailing Eastern Time)** (the "**Confirmation Objection Deadline**").  Objections to confirmation of the Plan that are not timely filed and served by the Confirmation Objection Deadline shall not be considered by the Court and shall be deemed overruled.

9.      The Debtors and any other party in interest may file briefs in support of confirmation of the Plan, a consolidated reply to any objections to confirmation of the Plan and/or any affidavits or declarations in support of confirmation of the Plan by no later than **March 4, 2025 at 12:00 p.m. (prevailing Eastern Time)**.

10.     The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.  Within ten business days after entry of this Order or as soon as reasonably practicable thereafter, the Debtors will cause the Publication Notice to be published in the *New York Times* and a Spanish translation in *El Mercurio* (Chile).

11.     The Voting Record Date is **January 22, 2025**.  The record holders of Claims shall be determined, as of the Voting Record Date, based upon the records of the Debtors, the securities position report(s) from the Depository Trust Company or other applicable depository firm, and

Kroll.  Accordingly, any notice of claim transfer received by the record holder of the Debtors' debt securities, the Debtors, Kroll, or other similarly situated registrar after the Voting Record Date shall not be recognized for purposes of voting or receipt of Solicitation Packages or other confirmation-related materials.  With respect to transfers of Claims in the Voting Classes filed pursuant to Bankruptcy Rule 3001(e), the transferee shall be entitled to receive a Solicitation Package and, if the Holder of such Claim is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim only if: (i) all actions necessary to transfer such Claim are completed by the Voting Record Date; or (ii) the transferee files by the Voting Record Date (a) all documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (b) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the Holder of such Claim as of the Voting Record Date.  If the Debtors have filed and served an objection or notice of satisfaction as to a Claim in a Voting Class before the Voting Record Date, the Holder of such Claim shall not receive a Solicitation Package or be entitled to vote on account of such Claim unless otherwise ordered by the Court or resolved pursuant to a Voting Resolution Event (as defined below); *provided*, *however*, if the Debtors' objection seeks to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for voting purposes in the reduced amount and/or as reclassified, except as may be ordered by the Court before the Voting Deadline.

12.     Consistent with Article II.F of the Plan, no Foreign Vendor Claimant (as defined in the Vendor Order) that is a party to a Payment Agreement shall receive a Solicitation Package or be entitled to vote on account of a Foreign Vendor Claim subject to a Payment Agreement.  The

Debtors shall serve the Confirmation Hearing Notice on any Holder of a Foreign Vendor Claim that is a party to a Payment Agreement.

13.     The Debtors will file and serve the Plan Supplement on or before **February 20, 2025**, and are authorized to further supplement such Plan Supplement as necessary thereafter.

14.     The Voting Deadline is **February 27, 2025 at 5:00 p.m. (prevailing Eastern Time)**.

15.     The Rule 3018 Motion Deadline is **February 14, 2025 at 4:00 p.m. (prevailing Eastern Time)**.  The Rule 3018 Objection Deadline is **February 27, 2025 at 4:00 p.m. (prevailing Eastern Time)**.  Unless otherwise ordered by the Court, only those Rule 3018 Motions that have been timely filed and served in accordance with the provisions of this paragraph will be considered by the Court.  Upon entry of an order of the Court granting a Rule 3018 Motion, or upon execution of a stipulation or other agreement between the applicable creditor and the Debtors, with the consent of the Required Consenting Noteholders, resolving a Rule 3018 Motion and allowing such Claim for voting purposes in an agreed-upon amount (the "**Voting Resolution Event**"), such creditor's Ballot be counted in accordance with the Tabulation Procedures, unless temporarily allowed in a different amount by an order of the Court entered prior to or concurrent with entry of an order confirming the Plan.  To the extent a Rule 3018 Motion is not resolved by a Voting Resolution Event prior to the Confirmation Hearing, then such Rule 3018 Motion will be heard at the Confirmation Hearing, unless otherwise agreed by the Debtors and the applicable claimant with the consent of the Required Consenting Noteholders.

16.     The General Tabulation Procedures are approved:

    i.    Unless otherwise provided in the Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (i) the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Schedules if no Proof of Claim has been timely filed in respect of such

Claim, except for any amounts that have been paid or asserted on account of any interest accrued after the Petition Date; or (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated and non-contingent amount set forth in such Proof of Claim, unless such Claim is disputed as set forth in subparagraph (vi) below;

ii.   If a timely Proof of Claim was filed in an amount that is liquidated and non-contingent, such Claim shall be temporarily Allowed for voting purposes in the amount set forth on the Proof of Claim, unless such Claim is disputed as set forth in subparagraph (vi) below;

iii.   If a Claim has been estimated or otherwise Allowed for voting purposes by order of this Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by this Court;

iv.   If a timely Proof of Claim was filed in an amount that is wholly contingent or unliquidated, such Claim shall be accorded one vote and valued temporarily in the amount of one dollar ($1.00), unless such Claim is disputed as set forth in subparagraph (vi) below;

v.   If a Claim is listed in the Schedules or on a timely Proof of Claim as contingent, unliquidated, or disputed in part, such Claim shall be temporarily Allowed in the amount of the non-contingent, liquidated, or undisputed portion of such Claim, unless such Claim is disputed as set forth in subparagraph (vi) below;

vi.   If the Debtors have filed and served an objection, request for estimation, or notice of satisfaction as to a Claim on or before **February 4, 2025** (the "**Voting Claim Objection Deadline**"), such disputed Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court before the Voting Deadline or otherwise agreed to by the Debtors and the Holder of the disputed Claim, with the consent of the Required Consenting Noteholders; *provided, however*, if the Debtors' objection seeks to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for voting purposes in the reduced amount and/or as reclassified, except as may be ordered by the Court before the Voting Deadline;

vii.   Proofs of Claim filed in the amount of $0.00 will not be entitled to vote;

viii.   Unsecured Notes Claims in Class 3 shall vote and be tabulated in accordance with the Notes Tabulation Procedures set forth below;

ix.   Notwithstanding the above, any person or entity that was required to timely file a Proof of Claim in the form and manner specified by the Bar Date Order and who failed to do so on or before the Bar Date associated with such Claim shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting on the Plan;

x.    If a Holder of a Claim casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last valid Ballot received on or before the Voting Deadline shall be deemed to reflect such Holder's intent, and thus, to supersede any previously received Ballot. After the Voting Deadline, validly submitted Ballots can only be withdrawn or amended in accordance with Bankruptcy Rule 3018(a) or an order of the Court;

xi.    If a Holder of a Claim casts a Ballot that is properly completed, executed and timely received by Kroll, but does not indicate either an acceptance or rejection of the Plan, the Ballot will not be counted;

xii.    If a Holder of a Claim casts a Ballot that is properly completed, executed, and timely received by Kroll, but indicates both an acceptance and a rejection of the Plan, the Ballot will not be counted;

xiii.    A Holder of a Claim shall be deemed to have voted the full amount of its Claim in each Class and shall not be entitled to split its vote within a particular Class. Any Ballot that partially accepts and partially rejects the Plan will not be counted;

xiv.    Notwithstanding anything to the contrary herein, for the avoidance of doubt (and subject to these General Tabulation Procedures), a Holder shall only be entitled to vote on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date.

xv.    Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in the same Voting Class (by virtue of one or more timely-filed Proofs of Claim, the Schedules (or a combination of both) or the purchase of duplicate Claims), such Holder shall be deemed to hold a single Claim in such Voting Class and may be provided only one Solicitation Package and one Ballot for voting a single Claim (in the aggregate amount of such Claims) in such Class, regardless of whether the Debtors have objected to such duplicate Claims.

xvi.    If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending claim shall be entitled to vote in a manner consistent with these General Tabulation Procedures, and the earlier filed claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation procedures.

xvii.    The following Ballots shall not be counted:

        a.    any Ballot received after the Voting Deadline, unless the Debtors have granted, or the Court has ordered, an extension of the Voting Deadline

in writing with respect to such Ballot, *provided*, that any such extension shall be documented in the Voting Report;

b.   any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of a Claim or Interest;

c.   any Ballot cast by a Person or Entity that does not hold a Claim in the applicable Voting Class as of the Voting Record Date;

d.   any Ballot cast by a Person who is not entitled to vote, even if such individual holds a Claim in a Voting Class;

e.   any unsigned Ballot, *provided*, *however*, that any Ballot cast via the E-Ballot Portal or, solely with respect to Class 3 Unsecured Notes Claims, in accordance with the Notes Tabulation Procedures will be deemed to contain an electronic signature that is immediately legally valid and effective;

f.   any Ballot cast or vote submitted by a Holder of a Class 3 Unsecured Notes Claim whose position in the Unsecured Notes was not validated by a Nominee as of the Voting Record Date;

g.   any Ballot which the Court determines, after notice and a hearing, that such vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

h.   any Ballot transmitted to Kroll in an inappropriate form that is not the appropriate Ballot for such Claim or by means not specifically approved herein; or

i.   any Ballot that is not completed.

xviii.   If a Ballot is being signed by a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by Kroll, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, authorized signatories should provide their name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot;

xix.   A Holder of Claims in more than one Class must use separate Ballots for each Class of Claims;

xx.   The Debtors, subject to any further order of the Court, may waive any defect or irregularity as to any particular Ballot at any time, either before or after the close of voting, and any such waiver shall be documented in the Voting Report;

xxi.    Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

xxii.    The Voting Report shall identify any Holders of Claims or Interests that opt in to granting the releases set forth in Article VIII.F of the Plan;

xxiii.    The Debtors and/or Kroll, as applicable, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots, which determination, absent a contrary order of the Court, will be final and binding;

xxiv.    Kroll is required to retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date, whereupon Kroll is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period;

xxv.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Creditor against the Debtors in each Voting Class will be aggregated as if such Creditor held a single Claim against the Debtors in the Voting Class, and the votes related to those Claims shall be treated as a single vote on the Plan; *provided, however,* that separate Claims held as of the Petition Date by different entities (even if related, affiliated, or properly and timely assigned or transferred prior to the Voting Record Date) shall not be deemed to be held by a single Creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan; and

xxvi.    Unless waived by the Debtors, subject to further order of the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted.

17.    The following Notes Tabulation Procedures shall apply to Holders of Unsecured Notes Claims who hold their position through a Nominee on behalf of the underlying Beneficial Holders of such Unsecured Notes Claims and are approved:

i.    If a ballot to a Beneficial Holder (the "**Beneficial Ballot**") is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or another person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested, must submit proper evidence satisfactory to the Debtors of authority to so act.  Authorized

signatories should submit the separate Beneficial Ballot of each Beneficial Holder for whom they are voting;

ii. Any vote returned to a Nominee by a Beneficial Holder (whether transmitted by Beneficial Ballot or other customary means of submitting a vote utilized by a Nominee) will not be counted for purposes of acceptance or rejection of the Plan until such Nominee properly completes and delivers to Kroll that Beneficial Ballot (properly validated) or a Master Ballot casting the vote of such Beneficial Holder;

iii. If a Beneficial Holder holds Unsecured Notes Claims through more than one Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Ballot and each such Beneficial Holder should execute a separate Beneficial Ballot for each block of Claims in Class 3 (Unsecured Notes Claims) that it holds through any Nominee and must return each such Beneficial Ballot to the appropriate Nominee;

iv. A Beneficial Holder holding an Unsecured Notes Claim as a record Holder in its own name is permitted to vote on the Plan by completing and signing a Beneficial Ballot and returning it directly to Kroll on or before the Voting Deadline;

v. Votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in Class 3 (Unsecured Notes Claims), as of the Voting Record Date, as evidenced by the applicable securities position report(s) obtained from the Indenture Trustee and/or the Depository Trust Company or other applicable depository firm. Votes submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Nominee as of the Voting Record Date;

vi. If conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, Kroll will use reasonable efforts to reconcile discrepancies with the Nominees. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report (as defined below), Kroll shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in Class 3 (Unsecured Notes Claims);

vii. For purposes of tabulating votes, each Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Unsecured Notes Claims, although any principal amounts may be adjusted by Kroll to reflect the amount of the Claim actually voted, including prepetition interest;

viii. A single Nominee may complete and deliver to Kroll multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots

are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one vote to its Nominee whether via Beneficial Ballot or other acceptable voting method, (i) the latest received valid vote before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Ballot submitted by the Beneficial Holder; and (ii) the Nominee shall complete the Master Ballot accordingly;

ix.     Solely for voting purposes, the voting amounts of Unsecured Notes Claims held by a Beneficial Holder through a Nominee shall be the amounts set forth on the books and records of the applicable Nominee as of the Voting Record Date as evidenced by the securities position report(s) from the Indenture Trustee and/or the Depository Trust Company or other applicable depository firm; and

x.      Solely for voting purposes, the voting amounts of Unsecured Notes Claims held by a registered Holder shall be the amounts set forth on the books and records of the Indenture Trustee as of the Voting Record Date and/or as evidenced by the securities position report(s) from the Depository Trust Company or other applicable depository firm. The Indenture Trustee must provide a register of any such holders, including the list of the names, addresses, and holdings of the Unsecured Notes Claims as of the Voting Record Date in an electronic Microsoft Excel format, sent to Kroll no later than one (1) business day following the Voting Record Date.

18.     The Debtors, with the consent of the Required Consenting Noteholders, are authorized to enter into stipulations or other agreements with the Holder of any Claim agreeing to the amount of a Claim for voting purposes.

19.     To assist in the solicitation process, Kroll is authorized to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies; *provided*, *that*, neither the Debtors nor Kroll are required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification. The Debtors and/or Kroll, as applicable, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawals of Ballots, which determination will be final and binding, except as otherwise ordered by the Court.

20.      The Ballots, substantially in the forms attached hereto as **Exhibit 3A**, **3B**, and **3C**, are approved. All Ballots must be properly executed, completed, and delivered to Kroll consistent with and pursuant to the Tabulation Procedures so that they are **actually received** by Kroll no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and electronic mail (solely for Holders of Unsecured Notes Claims in Class 3 as provided for herein), and hand delivery, Kroll is authorized to accept Ballots from Holders of General Unsecured Claims in Class 4 via the **E-Ballot Portal**.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  With respect to Unsecured Notes Claims in Class 3, only Nominees (as defined below) may return their Master Ballots, and Beneficial Holders (as defined below), whose Beneficial Ballots have been "pre-validated" (as described below) by their Nominees, may return their "pre-validated" Beneficial Ballots, via electronic mail to womballots@ra.kroll.com (with "WOM Master Ballot Delivery" in the subject line).

21.      The Solicitation Packages are approved. The Debtors shall serve the Solicitation Packages in English and Spanish, via express mail to parties located outside of the United States or first class mail to parties located in the United States and electronic mail (to the extent available), in each case, within five business days after the date of entry of this Order, or as soon as reasonably practicably thereafter (the "**Solicitation Date**"), on Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d). The Debtors are authorized to include the Company Cover Letter, attached hereto as **Exhibit 2**, and the Committee Support Letter, attached hereto as **Exhibit 7**, in the Solicitation Packages. The Debtors are authorized to prepare and serve Spanish translations of the Disclosure Statement

16

(without exhibits), Plan, Ballots, Confirmation Hearing Notice, Company Cover Letter, Committee Support Letter, and any other materials in the Solicitation Packages. The Debtors are further authorized to serve the Plan, Disclosure Statement, and Disclosure Statement Order (without exhibits) via USB flash drive. The Ballots (with a postage pre-paid return envelope), Company Cover Letter, Committee Support Letter, and Confirmation Hearing Notice shall be provided in paper format.

22.    By no later than the Solicitation Date, the Debtors will cause (a) a reasonably sufficient number of Beneficial Ballots and Solicitation Packages to be distributed to the applicable Nominees and (b) a Master Ballot to be distributed to each Nominee for use in tabulating votes submitted to such Nominee (whether cast on a Beneficial Ballot or otherwise according to voting instructions provided by the Nominee to its Beneficial Holder clients). If it is a Nominee's customary and accepted practice to forward the solicitation information to (and collect votes from) Beneficial Holders by voter information form ("**VIF**"), e-mail, telephone or other customary means of communication, including the use of online platforms to provide access to solicitation information and materials and for submission of Plan votes, the Nominee is authorized, but not directed, to employ that method of communication and transmission in lieu of, or in addition to, sending the paper Beneficial Ballot and/or Solicitation Package to the applicable Beneficial Holders.

23.    Nominees shall, upon receipt of the Solicitation Packages, promptly distribute such Solicitation Packages to Beneficial Holders including Beneficial Ballots (or a summary thereof) using one of the following two methods (to be selected by the Nominee) within five business days of receipt of the Solicitation Packages:

> i.    **<u>Pre-Validated Ballots</u>**: The Nominee may "pre-validate" a Beneficial Ballot by (i) signing the Beneficial Ballot; (ii) indicating on the Beneficial Ballot the

amount, applicable DTC participant number, and the account number of the Claims held by the Nominee for the Beneficial Holder; (iii) including a medallion guarantee stamp or authorized signatory list (certifying the Beneficial Holder's Unsecured Notes Claims as of the Voting Record Date) on the Beneficial Ballot, and (iv) forwarding such Beneficial Ballot (including any participant number) and other materials requested to be forwarded, to the Beneficial Holder for voting. The Beneficial Holder must then complete the information requested in the Beneficial Ballot, and return the Beneficial Ballot directly to Kroll via email at womballots@ra.kroll.com or by regular mail, overnight courier, or hand delivery to the Kroll's mailing address at WOM SA Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232 so that it is RECEIVED by Kroll on or before the Voting Deadline. A list of the Beneficial Holders to whom "pre-validated" Beneficial Ballots were delivered should be maintained by Nominees for inspection for at least one year from the Voting Deadline.

ii. **Master Ballots**: If the Nominee elects not to pre-validate Beneficial Ballots, the Nominee may obtain the votes of Beneficial Holders by forwarding to the Beneficial Holders the unsigned Beneficial Ballots, VIF, e-mail, or other customary method of collecting votes from a Beneficial Holder. If it is the Nominee's customary internal practice to provide Beneficial Holders with an electronic link to solicitation materials (including, but not limited to, the Disclosure Statement and Plan), the Nominee may follow such customary practice in lieu of forwarding the flash drive or paper copies containing the Disclosure Statement and Plan. Each such Beneficial Holder must then indicate his, her, or its vote on the Beneficial Ballot, complete the information requested on the Beneficial Ballot, review the certifications contained on the Beneficial Ballot, execute the Beneficial Ballot, and return the Beneficial Ballot to the Nominee. If it is the accepted practice for a Nominee to collect votes through a VIF, e-mail, or other customary method of communication, the Beneficial Holder shall follow the Nominee's instruction for completing and submitting its vote to the Nominee, including following the Nominee's internal deadline for submission of Plan votes to the Nominee. After collecting the Beneficial Holders' votes, the Nominee should, in turn, complete a Master Ballot compiling the votes and other information from the Beneficial Holders, execute the Master Ballot, and deliver the Master Ballot to Kroll via email at womballots@ra.kroll.com or by regular mail, overnight courier, or hand delivery to the Kroll's mailing address at WOM SA Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232 so that it is RECEIVED by Kroll on or before the Voting Deadline. All Beneficial Ballots returned by Beneficial Holders should be retained by Nominees for inspection for at least one year following the Voting Deadline. EACH NOMINEE SHOULD ADVISE ITS BENEFICIAL HOLDERS TO RETURN THEIR BENEFICIAL BALLOTS TO THE NOMINEE BY A DATE CALCULATED BY THE NOMINEE TO ALLOW IT TO PREPARE AND RETURN THE MASTER BALLOT TO KROLL SO

THAT IT IS RECEIVED BY KROLL ON OR BEFORE THE VOTING DEADLINE.

24. The Debtors are authorized, but not directed, upon written request, to reimburse Nominees for reasonable and documented customary mailing and handling expenses incurred by them in forwarding the Solicitation Package and Beneficial Ballot to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes from Beneficial Holders with respect to the Plan.

25. In accordance with Bankruptcy Rule 2002, the Debtors shall serve the Confirmation Hearing Notice (in English and Spanish) by first-class mail and electronic mail (to the extent available) on all parties in interest. Other than the Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, all other interested parties shall not receive copies of the Plan, the Disclosure Statement and/or the Disclosure Statement Order unless such parties request such documents in accordance with the procedures set forth in the Confirmation Hearing Notice.

26. With respect to addresses from which Solicitation Packages are returned as undeliverable, including by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless Kroll is provided with accurate addresses for such entities no later than seven days prior to the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and will not constitute a violation of Bankruptcy Rule 3017. The Debtors and Kroll are relieved from any obligation to conduct independent research to discover valid address information with respect to solicitation

19

materials or bankruptcy notices returned as undeliverable, and Kroll is hereby authorized to rely on address information as to Holders in the Voting Classes and Non-Voting Classes provided to Kroll as of the Voting Record Date by the Debtors, the indenture trustee or any administrative or transfer agent, as applicable.

27.    The Notices of Non-Voting Status are approved.  The Debtors will send the applicable Notice of Non-Voting Status substantially in the forms attached hereto as **Exhibit 4** and **Exhibit 5** to the applicable Holders of Claims and/or Interests in the Non-Voting Classes; *provided* that, the Debtors are not required to mail the applicable Notice of Non-Voting Status to Holders of Claims in Class 5 (Intercompany Claims) or Holders of Interests in Class 7 (Intercompany Interests).  The Debtors are authorized to distribute the Notices of Non-Voting Status by express mail to parties located outside of the United States or first-class mail to parties located in the United States, as applicable, and by electronic mail (to the extent available).  The Debtors are authorized to prepare and serve a Spanish translation of the Notices of Non-Voting Status.

28.    The Assumption and Cure Procedures set forth in the Motion, including the Cure and Assumption Notice, substantially in the form attached hereto as **Exhibit 6**, are hereby approved.  The Debtors are authorized to prepare and serve a Spanish translation of the Cure and Assumption Notice.

29.    The Debtors are excused from mailing Solicitation Packages to addresses from which the notice of the Motion or other mailed notices in the Chapter 11 Cases were returned as undeliverable by the postal service, unless Kroll is provided with a new mailing address at least seven calendar days before the Voting Deadline.

30.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Company Cover Letter, the Committee Support Letter (in consultation

with the Committee), the Ballots, the Cure and Assumption Notice, and related documents without further order of the Court, including, without limitation, ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan, the Company Cover Letter, the Ballots, the Cure and Assumption Notice, and related documents prior to mailing any such documents.

31.     The Debtors shall publish Spanish translations of the Plan, Disclosure Statement (without exhibits), the Confirmation Hearing Notice, the Company Cover Letter, and the Committee Support Letter on the Debtors' case website.

32.     The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

33.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: January 23rd, 2025
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

21