**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WOM S.A., *et al.*,[1] | Case No. 24-10628 (KBO) |
| Debtors. | (Jointly Administered) |
| | Re: Docket No. 1054 |

**JOINDER AND STATEMENT**
**OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS IN SUPPORT OF THE SECOND AMENDED JOINT CHAPTER 11**
**PLAN OF REORGANIZATION FOR WOM S.A. AND ITS AFFILIATED DEBTORS**

The Official Committee of Unsecured Creditors (the "Committee") of WOM S.A. and its debtor affiliates in the above-captioned cases (collectively, the "Debtors"), by and through its undersigned counsel, hereby submits this joinder and statement in support of the *Second Amended Joint Chapter 11 Plan of Reorganization for WOM S.A. and its Affiliated Debtors* (the "Plan").[2]

1. Over the past ten months, the Committee has worked constructively with the Debtors to maximize unsecured creditor recoveries and to ensure the Debtors successfully emerge from chapter 11. The Committee's collaborative approach to working with the Debtors has been evident at every step in these cases. *First*, the Committee helped the Debtors defend against the Ad Hoc Group's motion to dismiss the chapter 11 cases and ultimately helped settle that dispute. *Second*, the Committee worked closely with the Debtors throughout their robust marketing process

---

[1] The debtors in these chapter 11 cases (the "Chapter 11 Cases"), and each debtor's federal tax identification number, are as follows: Kenbourne Invest S.A. (2018 2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the debtors' service address in the Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan. The Debtors will file the *Second Amended Joint Chapter 11 Plan of Reorganization for WOM S.A. and its Affiliated Debtors* prior to the Confirmation Hearing.

for a sale of substantially all of the Debtors' assets. That process ultimately resulted in a winning bid from the Ad Hoc Group that provided the Debtors with a clear and timely path out of bankruptcy. *Third*, the Committee engaged in fruitful negotiations with the Debtors and the Ad Hoc Group and was ultimately able to sign a joinder to the Plan Sponsor Agreement. *Finally*, the Committee worked closely with the Debtors' Special Committee and Ad Hoc Group to investigate potential causes of action arising from the Debtors' prepetition transactions, particularly against Novator.[3] The investigation culminated in a $1 million settlement with Novator, which will provide additional value to unsecured creditors.

2.     The Committee believes that its hard work and willingness to collaborate with the Debtors and Ad Hoc Group have achieved a great outcome for unsecured creditors. Under the Plan, holders of allowed general unsecured claims will each receive their *pro rata* share of a $72.5 million GUC Cash Pool plus a portion of the Novator settlement proceeds and Unused Plan Trust Funding. Moreover, the Debtors are emerging from these cases with a right-sized balance sheet and well-positioned for future operational success. Taking these factors together, it is unsurprising that the Plan received strong support from general unsecured creditors. Class 3 voted to accept the Plan by 96.89% in number and 93.95% in amount. And although Class 4 voted to reject the Plan—with only four general unsecured creditors voting to reject—the margin was very narrow: 88.89% of claimants by number and 64.24% of claimants by amount voted in favor of the Plan.

3.     Notwithstanding Class 4's vote to reject, the Committee believes the Plan should be confirmed. For the reasons set forth in the *Debtors' Memorandum of Law in Support of*

---

[3]     See *Statement of the Official Committee of Unsecured Creditors in Support of the Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019 for Entry of an Order Approving a Settlement Between the Debtors, the Official Committee of Unsecured Creditors, the Ad Hoc Group of WOM Noteholders, the Novator Entities, and the Novator Individuals* [Docket No. 1188].

*Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization for WOM S.A. and its Affiliated Debtors* [Docket No. 1210] (the "Debtors' Reply"), the Plan is confirmable because, with respect to Class 4 creditors at WOM S.A., it satisfies Bankruptcy Code section 1129(b)'s requirements that the Plan (a) does not discriminate unfairly, and (b) is fair and equitable. In addition, only two creditors filed non-cure related objections to the Plan: the Benesch Ad Hoc Group and Banco de Crédito e Inversiones [Docket Nos. 1183, 1184]. The Committee believes that the Court should overrule these objections for the reasons set forth in the Debtors' Reply and joins the arguments made by the Debtors therein.

4. As the Court knows, confirming the Plan will not end the Debtors' restructuring. Much work lies ahead to ensure a successful closing of the restructuring transactions. Between Plan confirmation and the Effective Date, the Committee and its advisors intend to employ the same collaborative approach that they have successfully used in these cases to date. To that end, the Committee supports the Plan's confirmation and looks forward to continuing to help the Debtors successfully emerge from chapter 11.

[*remainder of page intentionally left blank*]

Dated: March 4, 2025　　　　　　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware


　　　　　　　　　　　　　　　　　　　　MCDERMOTT WILL & EMERY LLP


　　　　　　　　　　　　　　　　　　　　/s/ *David R. Hurst*
　　　　　　　　　　　　　　　　　　　　David R. Hurst (I.D. No. 3743)
　　　　　　　　　　　　　　　　　　　　The Brandywine Building
　　　　　　　　　　　　　　　　　　　　1000 N. West Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone:  (302) 485-3900
　　　　　　　　　　　　　　　　　　　　Email: dhurst@mwe.com

　　　　　　　　　　　　　　　　　　　　*Delaware Counsel to the Official Committee of Unsecured Creditors*

　　　　　　　　　　　　　　　　　　　　-and-

　　　　　　　　　　　　　　　　　　　　Brett H. Miller (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Todd M. Goren (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Craig A. Damast (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　James H. Burbage (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　WILLKIE FARR & GALLAGHER LLP
　　　　　　　　　　　　　　　　　　　　787 Seventh Avenue
　　　　　　　　　　　　　　　　　　　　New York, New York 10019-6099
　　　　　　　　　　　　　　　　　　　　Telephone:  (212) 728-8000
　　　　　　　　　　　　　　　　　　　　Facsimile:  (212) 728-8111
　　　　　　　　　　　　　　　　　　　　Email: bmiller@willkie.com
　　　　　　　　　　　　　　　　　　　　　　　　tgoren@willkie.com
　　　　　　　　　　　　　　　　　　　　　　　　cdamast@willlkie.com
　　　　　　　　　　　　　　　　　　　　　　　　jburbage@willkie.com

　　　　　　　　　　　　　　　　　　　　*Lead Counsel to the Official Committee of Unsecured Creditors*