IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOM S.A., *et al.*[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 24-10628 (KBO)<br><br>(Jointly Administered) |

**JOINDER OF U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, IN ITS CAPACITY AS TRUSTEE, TO THE DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THE SECOND AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR WOM S.A. AND ITS AFFILIATED DEBTORS**

U.S. Bank Trust Company, National Association, in its capacity as trustee (the "**Trustee**") under those indentures dated as of November 26, 2019 and January 22, 2021 for the 6.875% Senior Notes due 2024 and the 4.7% Senior Notes Due 2028 (collectively, the "**Unsecured Notes**"), respectfully submits this joinder (the "**Joinder**") to the *Debtors' Memorandum of Law in Support of Confirmation of the Second Amended Joint Chapter 11 Plan of Reorganization for WOM S.A. and Its Affiliated Debtors* [D.I. 1210] (the "**Confirmation Brief**") filed by the above-captioned debtors and debtors-in-possession. In support of this Joinder, the Trustee respectfully states as follows:[2]

1. The Plan is the culmination of months of extensive negotiations between and among the Debtors and their key constituencies, including the Consenting Noteholders and the Committee. It captures the terms of the Plan Support Agreement and the Backstop Agreement, both of which were approved by the Court pursuant to the Backstop and PSA Order [D.I. 959].

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number in their applicable jurisdiction of incorporation, are: Kenbourne Invest S.A. (2018 2206 815); NC Telecom II AS (59.208.720-0); WOM Mobile S.A. (99.517.000-0); WOM S.A. (78.921.690-8); Conect S.A. (96.965.220-k); and Multikom S.A. (78.456.640-4). The location of the Debtors' service address in these Chapter 11 Cases is: General Mackenna No. 1369, Santiago, Chile.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Second Amended Joint Chapter 11 Plan of Reorganization for WOM S.A. and Its Affiliated Debtors* (the "**Plan**").

2. Pursuant to the Plan, all Holders of Allowed Unsecured Notes Claims would receive, in full and final satisfaction, compromise, settlement, release, and discharge of, and in exchange for their Allowed Unsecured Notes Claims, their respective pro rata shares of the Unsecured Notes Litigation Proceeds, 50% of the Unused Plan Trust Funding, and the New Secured Notes/Equity Treatment. Plan Art. III. G. 3. Accordingly, the Plan complies with section 1123(a)(4) of the Bankruptcy Code because all Holders of Allowed Unsecured Notes Claims would receive the same treatment on account of their Allowed Unsecured Notes Claims.

3. The Benesch Ad Hoc Group of Noteholders (the "**Objecting Noteholders**") objects to the Plan on account of the Backstop Put Premium that they will not be receiving. They argue that the Backstop Parties' receipt of the Backstop Put Premium pursuant to the Backstop Agreement results in disparate treatment of Holders of Allowed Unsecured Notes Claims. Their argument is fundamentally flawed because it incorrectly conflates what the Backstop Parties are receiving under the Plan and under the Backstop Agreement. Pursuant to the Plan, the Backstop Parties will receive the same treatment as any other Holder of Unsecured Notes Claims on account of their Unsecured Notes Claims. Pursuant to the Backstop Agreement—which as approved by the Court over the objection of the Objecting Noteholders—and in exchange for their commitments thereunder, the Backstop Parties will receive the Backstop Put Premium. The Objecting Noteholders are not entitled to the Backstop Put Premium because they are not Backstop Parties and have no obligation under the Backstop Agreement. Based on the foregoing, the Plan does not treat unequally the Unsecured Notes Claims held by the Objecting Noteholders and the Backstop Parties.

4. The Trustee, who represents the interests of all holders of the Unsecured Notes under the indentures, does not find the Plan objectionable because it provides for equal treatment of all holders of the Unsecured Notes on account of their Unsecured Notes Claims. Therefore, the

Trustee joins the Confirmation Brief, supports confirmation of the Plan and requests that the Court overrule the Objecting Noteholders' objection to the Plan.

| | |
|---|---|
| Dated: March 4, 2025<br>Wilmington, Delaware | **GREENBERG TRAURIG, LLP**<br><br> */s/ Dennis A. Meloro*<br>Dennis A. Meloro (DE Bar No. 4435)<br>Anthony W. Clark (DE Bar No. 2051)<br>222 Delaware Avenue, Suite 1600<br>Wilmington, DE 19801<br>Telephone: (302) 661-7000<br>Email: Dennis.Meloro@gtlaw.com<br>       Anthony.Clark@gtlaw.com<br><br>-and-<br><br>Oscar N. Pinkas (admitted *Pro Hac Vice*)<br>Kalyan ("Kal") Das (admitted *Pro Hac Vice*)<br>T. Charlie Liu (admitted *Pro Hac Vice*)<br>Matyas Lich (admitted *Pro Hac Vice*)<br>One Vanderbilt Avenue<br>New York, NY 10017<br>Telephone: (212) 801-9200<br>Email:  pinkaso@gtlaw.com<br>       kal.das@gtlaw.com<br>       charlie.liu@gtlaw.com<br>       teddy.lich@gtlaw.com<br><br>*Counsel to U.S. Bank Trust Company,*<br>*National Association, as Trustee* |